UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2550 VBF (MRW) | Date | May 27, 2020 |
|---|---|---|---|
| Title | Harris v. Eaton | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | Veronica Piper | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Petitioner: | Attorneys for Respondent: |
| | n/a | n/a |

**Proceedings:**   ORDER TO SHOW CAUSE

1.   At Petitioner's express request (Docket # 10 at 1), the Court stayed this habeas action pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). Kelly required this Court to dismiss what Petitioner admitted were his unexhausted habeas claims. In turn, Petitioner was allowed to return to state court, begin new proceedings to exhaust his unexhausted claims, and later (if desired) attempt to amend his federal petition to re-plead any timely and exhausted claims he possessed. (Docket # 11.)

2.   What followed, though, is a chaotic submission from Petitioner. (Docket # 12.) Petitioner filed what he entitled a "traverse" (the historic term for a reply brief) regarding his original habeas claims. The filing specifically addresses those claims that Petitioner voluntarily dismissed under the Kelly procedure. Moreover, Petitioner's submission makes no reference to any pending or to-be-filed state court proceedings.

3.   Finally, it is improper for Petitioner to file a second brief in support of his (dismissed) habeas claims when the Attorney General hasn't responded to the petition at all – the state specifically requested months ago that Petitioner's unexhausted claims be dismissed. (Docket # 6.)

4.   Petitioner's irregular and chaotic litigation tactics are unsatisfactory. By June 19, he is ordered to show cause why the entire action should not be dismissed for failure to comply with this Court's order regarding the stay of the action and the dismissal of Petitioner's unexhausted claims. Petitioner may satisfy this order by withdrawing his bizarre "traverse" and explaining the status of any state court exhaustion proceedings he is currently pursuing.

5.   Failure to comply with this order may result in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b). Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884 (9th Cir. 2019).